Margaret **STAUFFER** and Alex Stauffer, her husband, Plaintiffs,

v.

McCRORY STORES CORPORATION, Defendant.

Civ. A. No. 12725.

United States District Court
W. D. Pennsylvania.
Oct. 22, 1957.

Herbert Jacobson, Harold Gondelman, Pittsburgh, Pa., for plaintiff.

Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

In this case the plaintiff, Margaret Stauffer, brought suit against the defendant, McCrory Stores Corporation, seeking damages for injuries allegedly sustained when she fell in defendant's store. At the trial she testified as to her injuries, condition, and the manner and location of her fall. Her nephew also testified that he fell on the same spot a few hours previous to her fall and called it to the attention of one of defendant's employees. Testimony was also given by the plaintiff's physician and a few other witnesses as to her condition before and after the accident.

The defendant offered the testimony of a physician who examined the plaintiff, and the manager of its store, to whom the plaintiff reported the fall, and the deposition of a clerk who was on duty at the counter near which the plaintiff claims she fell.

The case was submitted to the jury under instructions to which neither party had any objections, and the jury found for the defendant.

Thereafter the plaintiff filed a motion for a new trial alleging that the verdict was against the weight of the evidence and against the weight of the credible evidence.

However, in plaintiff's brief in support of her motion, counsel for plaintiff limits his argument to one point, that is, that the Court committed prejudicial error in admitting the deposition of the clerk. In her deposition the clerk testified that a woman fell in what might be called Aisle 1, that she "sort of slipped" and fell backwards catching herself. She further testified that she didn't remember what the woman looked like who fell, but that she was an older woman and that she was the only woman that she saw fall. A question was asked of her as follows:

"Q. Do you know whether she had blonde or black hair? A. She had gray hair."

It is interesting to note that her recollection was better than counsel for the plaintiff urges. The plaintiff did have gray hair.

The plaintiff and her nephew both testified that they fell or slipped in Aisle 2. Counsel for the plaintiff, therefore, urges that the admission of the deposition was prejudicial error as the witness could not identify the plaintiff.

■■■ We cannot agree that this testimony was admitted erroneously. Plaintiff urges that the testimony should not have been admitted because it was not relevant, that the testimony had no rational probative value. The court function as Wigmore points out is to merely be the preliminary tester and not the final finder of the facts. Here we have a witness who was on duty near where the plaintiff fell, she only knew of one woman falling that day, she described the woman who fell as a middle-aged, gray-haired woman of medium height, which description fits the plaintiff. However, she does not know whether the plaintiff is the person whom she saw fall nor was it shown whether she has seen the plaintiff. Counsel for plaintiff urges that the admission of the testimony was totally irrelevant. We, however, thought it might help the jury and they had a right to hear it. It was an evidentiary fact.

"* * * the evidentiary fact offered does not need to have strong, full, superlative, probative value, *does not need to involve demonstration* or to produce persuasion by its sole and intrinsic force, but merely to be *worth consideration by the jury*. It is for the jury to give it

the appropriate weight in effecting persuasion. The rule of law which the judge employs is concerned merely with admitting the fact through the evidentiary portal. The judge thus warns the opponent of the evidence that he is not entitled to complain of its lack of absolute demonstrative power; a mere capacity to help in demonstration is enough for its admission.

"Thus, the judicial tests of Relevancy have this peculiar quality, in contrast with that of proof or evidence in general or in any other department of investigation:

"(a) The required probative value is *somewhat higher than it need otherwise have been,* because the purpose is to select only such material as is worth laying before the jury;

"(b) The required probative value, on the other hand, is far *lower than full proof,* because the judge merely puts upon the material its ticket of admission as relevant, and leaves the weight, or final persuasive effect, for the jury to determine." Wigmore, Vol. I, Section 29, pp. 411, 412.

This Court concludes that the offered evidence meets this test of relevancy.

"The tendency of the courts is to permit the introduction of any testimony which will tend to throw light on the merits, and aid in the correct solution of the issues." McCormick on Evidence, p. 318, f.n. 23 (1954).

"Relevant evidence, then, is evidence that in some degree advances the inquiry, and thus has probative value, and is prima facie admissible." McCormick, supra, p. 319.

■ However, even if this evidence were admitted erroneously, it would not be sufficient reason to grant a new trial as it does not affect the substantial rights of the plaintiff. 28 U.S.C.A., Rule 61. The deposition was read to the jury and while this Court has no way of knowing what weight the jury gave to this evidence, we feel that the jury most likely found for the defendant by their refusal to accept plaintiff's story. The jury most likely found that plaintiff failed to prove her case. We do not think that the final result would have been different had this evidence been excluded.

The plaintiff had a fair trial, represented by competent and capable counsel, but in every lawsuit one side must prevail. The jury found for the defendant, and the plaintiff is not entitled under the law to another chance. Therefore, her motion for a new trial must be denied.